IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO CESAR MUJICA RODRIGUEZ,<br>**Petitioner,**<br><br>v.<br><br>J.L. JAMISON, BRIAN MCSHANE,<br>MARKWAYNE MULLIN, TODD<br>BLANCHE,<br>**Respondents.** | CIVIL ACTION<br><br><br><br>NO.  26-5546 |

**O R D E R**

**AND NOW**, this 12th day of August, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1 (the "Petition")) and Respondents' opposition thereto (ECF No. 5), it

is hereby **ORDERED** as follows:

1.      The Petition is **GRANTED**.[1] The Government shall **RELEASE** Petitioner from

custody immediately and file an entry on the docket certifying compliance with this Order **no later**

**than 5:00 p.m. on August 13, 2026.**

---

[1]      A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C.
§ 2241 where the petitioner is "in custody under or by color of the authority of the United
States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v.
Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). The Court may decide the issues raised in the Petition
without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-
cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-
7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).
       Petitioner, a native and citizen of Venezuela, entered the United States on or about May
12, 2022 with his spouse and their two children. (Petition ¶ 1.) Petitioner was paroled into the
United States at that time and settled in Philadelphia with his family. (*Id.* ¶¶ 1–2.) Petitioner has
no criminal record. (*Id.* ¶ 10.) Since arriving in the United States, Petitioner and his family have
reported for all regularly scheduled check-in appointments at the Immigrations and Customs
Enforcement ("ICE") Philadelphia Field Office, and Petitioner has filed for asylum. (*Id.* ¶¶ 3–4.)
On August 6, 2024, the Department of Homeland Security ("DHS") initiated removal proceedings
against Petitioner and his family by filing a Form I-862 Notice to Appear with the Immigration
Court in Philadelphia. (*Id.* ¶ 5.) Petitioner and his family have appeared at all scheduled hearings
at the Immigration Court, and Petitioner's final hearing is scheduled for February 16, 2029. (*Id.* ¶
6.)

2.      Immediately upon Petitioner's release, Respondents shall return to Petitioner all personal property, including identification and other documents, confiscated upon or during his detention.

3.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

4.      The Government is temporarily enjoined from re-detaining Petitioner until **August 20, 2026**.

5.      If the Government decides to pursue re-detention of Petitioner after August 20, 2026, it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

6.      The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8

---

On August 4, 2026, DHS officials took Petitioner into custody during a routine check-in at the Philadelphia field office. (*Id.* ¶ 7.) An ICE officer explained to Petitioner's spouse that Petitioner was being detained because his final hearing was scheduled too far into the future, and his case needed to be resolved sooner. (*Id.* ¶ 9.) Petitioner asserts that he is being improperly detained under Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2)(A).

Respondents acknowledge that the Petition "raises the same issue of the lawfulness of mandatory detention under 8 U.S.C. § 1225(b)(2)(A) that this Court has previously addressed in hundreds of prior cases." (ECF No. 5 at 1.) Indeed, the interpretation of the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225, advanced by Respondents would permit the government to treat an immigrant as "seeking admission" who was not inspected upon arrival in the country even if they arrived in the country years ago. Such treatment results in detention without any hearing. For the reasons this Court has articulated on numerous occasions, the Court again rejects Respondents' position, grants the Petition, and orders Petitioner's immediate release. *See, e.g.*, *A.J.V.L. v. Jamison*, No. 26-cv-4669, 2026 WL 1998866 (E.D. Pa. July 9, 2026); *Barrientos-Vanegas v. Jamison*, No. 26-cv-4146, 2026 WL 1816213 (E.D. Pa. June 23, 2026).

U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

7. The Clerk of Court shall **MARK** this case as **CLOSED**.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

3